UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KIAME SIGNEY SANCHEZ
VALDEZ,

      Petitioner,

    v.                                                    Case No.:  2:26-cv-02106-SPC-NPM

WARDEN, GLADES COUNTY
DETENTION CENTER,

      Respondent,

                               /

## OPINION AND ORDER

Before the Court are petitioner Kiame Signey Sanchez Valdez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 3).

Sanchez Valdez is a native of Cuba who entered the United States on June 6, 2019, to seek asylum. The Department of Homeland Security processed him for expedited removal. Following a credible fear interview, an immigration judge ordered Sanchez Valdez removed to Spain or Cuba on January 6, 2020. Immigration and Customs Enforcement ("ICE") was unable to remove Sanchez Valdez and instead released him on an order of supervision on March 3, 2020. Since then, Sanchez Valdez has complied with all conditions of release, and he has no criminal record.

On November 10, 2025, Sanchez Valdez reported to ICE for a check-in appointment, and ICE revoked his release and arrested him. ICE brought

Sanchez Valdez to the U.S.-Mexico border in March 2026 but was unable to remove him. ICE blames Sanchez Valdez for the failure, but does not state how he prevented removal, expect a vague claim that he "refused to Comply." (Doc. 3-3 at 3). In any event, ICE returned Sanchez Valdez to Florida, and he is currently detained at Glades County Detention Center.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day

removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Sanchez Valdez has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. ICE was unable to remove him in 2020, and no change in circumstances makes removal more likely now.

The burden thus shifts to the government. ICE points to its March 2026 attempt to send Sanchez Valdez to Mexico. But the evidence before the Court suggests that was an informal effort to compel voluntary departure, not an above-board removal attempt that complied with statutory and constitutional requirements. *See Andriasian v. Immigr. and Naturalization Servs.*, 180 F.3d 1033, 1041 (9th Cir. 1999) ("Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process."); *see*

*also D.V.D. v. U.S. Dep't of Homeland Security*, 821 F. Supp. 3d 102 (D. Mass. 2026) (setting aside DHS's current third-country removal policy because it violates noncitizens' right to seek fear-based relief under the Convention Against Torture).  ICE also claims it intends to attempt removal to Spain, but it offers no reason to believe the attempt will be successful.

The Court finds no significant likelihood Sanchez Valdez will be removed in the reasonably foreseeable future.  He is entitled to release from detention under *Zadvydas*.  If removal becomes likely in the reasonably foreseeable future, ICE can detain Sanchez Valdez to "assur[e] [his] presence at the moment of removal."  *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Kiame Signey Sanchez Valdez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondent shall release Sanchez Valdez within 24 hours of this Order and provide him telephone access so he can arrange his transportation from the facility.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on July 13, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record